Hillsborough, }
  Dec., 1898. }

## SAUNDERS *v.* NASHUA.

Where a resolution respecting the duties and compensation of a municipal officer is ambiguous, the contemporaneous construction placed upon it by the parties is competent evidence of the intention of the city councils by which it was adopted.

ASSUMPSIT, for services. Facts found by the court. The plaintiff was the city engineer of Nashua for the years 1893, 1894, and 1895. The duties of the office, as defined by the city ordinance, were, in part, to " make all such surveys, estimates, measurements, and levels, and perform such other duties as may be required of him by the mayor, board of aldermen, or any committee of the city councils or either board thereof "; to collect and file in his office, under the direction of the city councils, " accurate plans of all public grounds, commons, streets, sewers, and main drains, showing all entrances thereto and all estates abutting thereon, with their frontage and owners' names "; to " make or cause to be made complete and accurate plans of public grounds at present existing or that may be hereafter laid out "; and to " make or cause to be made a complete and accurate profile of all public streets at present existing or that may hereafter be laid out," with lines showing the grade of sidewalks. The ordinance provides that the engineer " shall receive twelve hundred dollars per annum for his services as such."

March 10, 1891, the city councils resolved " that a system of maps for the use of the assessors and the engineering department be adopted, and that a committee of five be appointed to

oversee the engineering department during the making of said maps, . . . the cost of said maps to be charged to the department of city engineering,— said maps to be made by the city engineer, and a sum not to exceed two thousand dollars be appropriated for the year 1891 to defray the expense of labor on said maps."

The work was begun by the plaintiff's predecessor and continued by the plaintiff while he held the office. It required that surveys of lands and streets should be made, abstracts of some 6,000 titles to land should be procured, and an index should be prepared. The plaintiff was paid, in addition to the salary attached to the office, for services rendered upon the maps in the years 1893 and 1894, and expected to be paid for those rendered in 1895.

The defendants' motion that the plaintiff be nonsuited was denied, subject to exception, and a verdict for the plaintiff was ordered. The testimony relating to the resolution of the city councils, and to the prior payments to the plaintiff for similar services, was received subject to the defendants' exception.

*Henry B. Atherton*, for the plaintiff.

*George F. Jackson* and *Charles J. Hamblett*, for the defendants.

CHASE, J. The question for consideration is whether the city councils, by the resolution of March 10, 1891, intended to place an additional duty upon the city engineer, for the performance of which, as well as of the other duties of the office, the stated salary was to be compensation, or whether they regarded the making of the maps provided for by the resolution as outside the regular duties of the office. The resolution is ambiguous. It imposes the duty of making the maps upon the engineer, under the overseership of a committee. This tends to show an intention to increase the duties of the office without increasing the salary,— a change that the city councils had authority to make. *Marden* v. *Portsmouth*, 59 N. H. 18; 1 Dill Mun. Cor., s. 233. But the resolution also appropriates a large sum of money to defray the expenses of labor on the maps. It is manifest from the magnitude of the undertaking that other labor than that of the engineer would be required, and the appropriation may have been intended to pay for such labor only. Under these circumstances, the contemporaneous construction of the resolution by the parties is entitled to much weight. *Edwards* v. *Darby*, 12 Wheat. 206; *Brown* v. *United States*, 113 U. S. 568, 571. In 1893 and 1894, they construed it to mean that the plaintiff was to be paid extra for services rendered by him under the resolution. The payments of those years were competent evidence

of contemporaneous construction. It appears more probable than otherwise that this construction was in accordance with the intention of the city councils.

*Exceptions overruled.*

All concurred.